**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Civil No. 5:18-cv-00373** |
| | * | |
| **ARTHUR DALE LOTHRINGER, JANET** | * | |
| **LYNN LOTHRINGER, PICK-UPS, INC.,** | * | |
| **BEXAR COUNTY, TEXAS, TIDEWATER** | * | |
| **FINANCE COMPANY, TROY CAPITAL,** | * | |
| **L.L.C., and EARL WEBSTER CALHOUN,** | * | |
| **Defendants.** | * | |

**UNITED STATES' ORIGINAL COMPLAINT**

For its original complaint, authorized and requested by a duly authorized delegate of the Secretary of the Treasury of the United States of America and directed on behalf of the United States Attorney General pursuant to 26 U.S.C. §§ 7401 and 7403, the United States alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action brought by the United States to: (1) reduce to judgment the **$1.5 million** federal employment (Form 941), income (Form 1120), and civil penalty (Section 6721) tax liabilities of Defendant Pick-Ups, Inc.; (2) determine that Defendant Arthur Dale Lothringer is personally liable for the federal tax debts of Pick-Ups, Inc. made the subject of this lawsuit; (3) foreclose federal tax liens on the Lothringers' residence located in Bexar County, Texas, and a cabin permit of Mr. Lothringer; and (4) obtain a judicial sale of the Lothringers' residence and the cabin permit to apply to the federal tax debts of Pick-Ups, Inc. The other

–1–

defendants are joined as parties to this lawsuit pursuant to 26 U.S.C. § 7403(b), because they have or may claim an interest in the Lothringers' residence.

2. This Court has jurisdiction pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

3. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2).

## **PARTIES**

4. Plaintiff is the United States of America.

5. Defendant, Arthur Dale Lothringer, is or was a San Antonio automobile dealer, and he is liable for federal taxes that are the subject of this lawsuit. He is an individual resident of Texas and of this district. He may be served with process at his residence at 122 Jo Marie Street in San Antonio, Texas 78221.

6. Defendant Janet Lynn Lothringer is the wife of Defendant Arthur Lothringer, and is an individual resident of Texas and of this district. She may be served at her residence at 122 Jo Marie Street in San Antonio, Texas 78221. Mrs. Lothringer is being joined as a defendant because she may claim a marital interest in the real property made the subject of this action.

7. Defendant Pick-Ups, Inc. is a defunct Texas corporation, and it is the taxpayer against whom the United States seeks a judgment herein. It may be served through its president, Arthur Lothringer, at 122 Jo Marie Street in San Antonio, Texas 78221.

8. Defendant Bexar County, Texas is a taxing authority, to whom the Lothringers owe ad valorem taxes pertaining to their real property made the subject of this action. Bexar County

has agreed to be served through its attorney, Lori Gruver, Linebarger Goggan Blair & Sampson, LLP, 2700 Vía Fortuna, Suite 404, Austin, Texas 78746.

9. Defendant Tidewater Finance Company is a Virginia corporation, and holder of a judgment lien against Arthur Lothringer that may cloud title to the real property made the subject of this suit. It may be served through its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10. Defendant Troy Capital L.L.C. is a Nevada limited liability company doing business in Texas. Troy is the holder of a judgment lien against Janet Lothringer that may cloud title to the real property made the subject of this suit. It may be served through its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

11. Defendant Earl W. Calhoun, formerly doing business as Cal's Auto Sales, is an individual resident of the Southern District of Texas. Calhoun is a holder of a judgment lien against Arthur Lothringer that may cloud title to the real property made the subject of this suit. He may be served at 112 County Road 380, George West, Texas 78022.

**FACTUAL BACKGROUND**

A. **THE TAX LIABILITIES**

12. A delegate of the Secretary of the Treasury assessed against, and gave notice and demand to, Defendant Pick-Ups, Inc. for its unpaid employment (Form 941), income (Form 1120), and civil penalty (Section 6721) taxes, for tax periods in 2006, 2007, and 2008, plus penalties, interest, and statutory additions thereon until paid. The assessment dates, unpaid assessed balances, and accrued penalties and interest to April 1, 2018, are as follows:

| Tax | Period | Assessed Date | Ass'd Balance | Add'l Interest | Total |
|---|---|---|---|---|---|
| Form 941 | 12/31/07 | 01/05/2009 | $16,501.43 | $988.77 | $17,490.20 |
| Form 941 | 03/31/08 | 01/05/2009 | 22,989.48 | 1,377.55 | 24,367.03 |
| Form 1120 | 12/31/06 | 10/29/2013 | 1,365,425.07 | 124,521.10 | 1,489,946.17 |
| Sec. 6721 | 12/31/07 | 08/02/2010 | 2,053.72 | 123.06 | 2,176.78 |

**TOTAL OWED BY PICK-UPS, INC. AS OF APRIL 1, 2018 .................$1,533,980.18**

B. **TAX COURT**

12. Defendant Pick-Ups, Inc., through its president, Defendant Arthur Lothringer, disputed its proposed income (Form 1120) tax deficiencies in the United States Tax Court, and on June 12, 2013, an Order of Dismissal and Decision was entered against it, sustaining the deficiencies in favor of the Commissioner of Internal Revenue. Therefore, these tax liabilities are res judicata, and cannot be re-litigated herein. *United States vs. Teal*, 16 F.3d 619 (5th Cir. 1994).

C. **FEDERAL TAX LIENS**

13. On September 30, 2014, a notice of federal tax lien was filed against Pick-Ups, Inc. with the County Clerk of Bexar County, Texas. On October 2, 2014, a notice of federal tax lien was filed against Pick-Ups, Inc. with the Texas Secretary of State. On September 3, 2015, a nominee notice of federal tax lien was filed against Arthur D. Lothringer, as alter ego of Pick-Ups, Inc., with the County Clerk of Bexar County, Texas. These tax liens secure payment of the tax liabilities of Pick-Ups, Inc. that are the subject of this suit.

D. **LOTHRINGER PROPERTY:**

14. There are two properties that are the subject of this suit -- real estate owned by the Lothringers and located in Bexar County, Texas, and a permit that gives Arthur Lothringer the exclusive right to use a cabin in Kenedy County, Texas.

15. On or about January 22, 1986, Arthur and Janet Lothringer purchased by warranty deed with vendor's lien real property with the following legal description:

> Tracts 24 & 25, New City Block 10841, SALADO ACREAGE TRACT, in the City of San Antonio, Bexar County, Texas, according to plat thereof recorded in Volume 2805, Page 176, Deed and Plat Records of Bexar County, Texas.

16. The above real estate is the principal residence of Arthur and Janet Lothringer. It consists of two lots located at 114 and 122 Jo Marie Street, San Antonio, Texas 78222. The residence is in the middle of the two lots. The residence is 2,370 square feet. The land is approximately one acre. The Bexar County Central Appraisal District (CAD) lists each lot separately. For 2017, the CAD appraised 112 Joe Marie at $172,470, and 114 Jo Marie at $19,360, for a combined value of $191,830. The residence is unencumbered by a mortgage.

17. The second property that is the subject of this suit is the cabin permit that gives Arthur Lothringer the exclusive right to use cabin number PC1149, which is located on State Tract 241, in Laguna Madre, Kenedy County, Texas. Mr. Lothringer inherited the cabin permit from his father. Mr. Lothringer renewed the permit on April 1, 2016, for a term of five years, which expires on March 31, 2021.

18. The above properties are encumbered by the nominee notice of federal tax lien filed against Arthur Lothringer.

E. **PICK-UPS, INC. IS THE NOMINEE/ALTER EGO OF ARTHUR LOTHRINGER**

19. Arthur Lothringer incorporated Pick-Ups, Inc. on September 26, 1994, pursuant to the laws of the State of Texas. Pick-Ups operated several used car lots throughout San Antonio, Texas. On July 29, 2011, the Texas Secretary of State forfeited the charter of Pick-Ups pursuant

to Section 171.309 of the Texas Tax Code. Mr. Lothringer was the president, and the only officer and shareholder, of Pick-Ups.

20. The Texas Department of Motor Vehicles revoked Mr. Lothringer's vehicle dealer license on May 31, 2011. Mr. Lothringer, however, continued to sell vehicles at least through 2014. Mr. Lothringer sold vehicles under the name Pick-Ups, Inc. and Papi's Discount Motor Company. Papi's Discount Motor Company is an assumed name of Arthur Lothringer's adult son, Craig Lothringer. Craig Lothringer told the IRS that he has not sold any cars because he does not have a vendor's license. Rather, Craig Lothringer has solely detailed cars, and he has done so under the name of Papi's Discount Motor Company.

21. The last federal income (Form 1040) tax return Arthur and Janet Lothringer filed with the IRS was for tax year 2010.

22. Pick-Ups maintained a bank account at the International Bank of Commerce until September of 2011. In 2009, 2010, and 2011, checks drawn on that account were used to pay Arthur Lothringer's personal obligations and expenses. Specifically, checks drawn on that account were used to pay loans for which Arthur Lothringer was personally liable, and to purchase personal items, such as groceries and medication. There were also multiple debits on the bank account of Pick-Ups that were unrelated to Pick-Ups' business. Those debits were payments to Wal-Mart, Walgreens, Home Depot, and HEB.

23. Craig Lothringer opened two business checking accounts at the International Bank of Commerce for Papi's Discount Motor Company (account numbers ending in 2150 and 3998). Craig Lothringer told the IRS that all the deposits into the bank accounts for Papi's Discount Motor Company were solely for detailing vehicles. Many of the checks deposited into these accounts,

however, were from out-of-state lenders, and were payable to Pick-Ups. These same lenders were repaid by cashier's checks that were drawn on Papi's Discount Motor's accounts. Those cashier's checks showed that they were being remitted on behalf of Pick-Ups. There are also multiple wire transfers from Cal's Auto Sales into the Papi's Discount Motor Company accounts that appear to be for vehicles sales. Further, there are multiple checks written from Papi's Discount Motor Company's account (ending in 3998) to Arthur Lothringer. The memos for these checks state that they are transfers for various parties. Checks were then written from the account in Arthur Lothringer's name (6350) to the person identified for the same amount as was deposited.

24. Arthur Lothringer failed to respect corporate formalities for Pick-Ups, Inc., and used the corporation's account as his own and to pay his personal expenses.

## COUNT I
## REDUCE TAX ASSESSMENTS TO JUDGMENT

25. Despite notice and demand for payment of the above described tax liabilities, Pick-Up, Inc. has failed or refused to fully pay those liabilities. Accordingly, pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Pick-Ups, Inc. is liable and indebted to the United States in the amount of **$1,533,980.18** for employment (Form 941), income (Form 1120), and civil penalty (Section 6721) for tax periods in 2006, 2007, and 2008, plus penalties, and statutory additions and additional prejudgment and post-judgment interest thereon, from April 1, 2018, until paid, pursuant to 28 U.S.C. § 1961(c)(1); and 26 U.S.C. §§ 6601, 6621(a)(2), and 6622. Further, because Pick-Ups, Inc. is an alter ego/nominee of Arthur Lothringer, the United States is entitled to a judgment against Arthur Lothringer for the unpaid tax liabilities of Pick Ups, Inc. in the amount of **$1,533,980.18.** Further, because Arthur Lothringer has allowed the corporate charter of Pick-Ups, Inc. to forfeit, the United States is entitled to a judgment against Arthur

Lothringer, under Texas Tax Code §§ 171.252 and 171.255, for the 2006 income (Form 1120) tax liability of Pick-Ups, Inc. in the amount of **$1,489,946.17**.

## COUNT II
## FORECLOSE FEDERAL TAX LIENS AGAINST THE LOTHRINGER PROPERTIES

26. The Lothringer residence that is the subject of this action is described above, and is currently titled to Arthur and Janet Lothringer. The cabin permit described above is titled to Arthur Lothringer.

27. The assessment dates and amounts of tax owed by Pick-Ups, Inc. are stated above, and on the notices of federal tax lien filed against Pick-Ups, Inc. and Arthur Lothringer.

28. Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory federal tax liens arose in favor of the plaintiff, United States of America, against all property and rights to property, whether real or personal, belonging to Pick-Ups, Inc., as of the dates of the assessments described above, or acquired thereafter.

29. The United States seeks a judgment against Pick-Ups, Inc. and Arthur Lothringer, foreclosing the tax liens against them, and ordering the Lothringer residence and cabin permit described above sold in partial payment of the tax assessments against Pick-Ups, Inc.

30. The United States also seeks a judgment determining the homestead interest of Janet Lothringer in the residence, as well as a judgment extinguishing the judgment liens of the other defendants, which cloud title to the residence.

## COUNT III
## DETERMINE THAT PICK-UPS, INC. IS THE ALTER EGO OF LOTHRINGER

31. On or about September 26, 1994, Defendant Arthur Lothringer incorporated Defendant Pick-Ups, Inc., and filed its articles of incorporation with the Texas Secretary of State.

The articles of incorporator show that Lothringer was the incorporator, registered agent, and sole director of Pick-Ups, Inc. On or about March 20, 2010, Lothringer filed Pick-Ups' only Texas Franchise Public Information Report with the Texas Secretary of State, for tax year 2009, which report shows Lothringer was the president of Pick-Ups, Inc. On July 29, 2011, the Texas Secretary of State filed a forfeiture of Pick-Ups' charter.

32. Defendants Pick-Ups, Inc. and Arthur Lothringer failed to respect corporate formalities, and Lothringer used the bank accounts of Pick-Ups, Inc. to pay his personal expenses. The United States requests that the Court determine that Pick-Ups, Inc. is or was the alter ego of Lothringer, and impose Pick-Ups' federal tax liabilities in the amount of **$1,533,980.18** upon Arthur Lothringer.

## COUNT IV
## DETERMINE THAT LOTHRINGER IS LIABLE FOR PICK-UPS' TAXES UNDER THE TEXAS TAX CODE

33. Sec. 171.252 of the Texas Tax Code provides in part as follows:

> "Effects of Forfeiture. If the corporate privileges of a corporation are forfeited under this subchapter: … (2) each director or officer of the corporation is liable for a debt of the corporation as provided by Section 171.255 of this code."

Section 171.255 provides as follows: "(a) If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived."

34. As stated above, on July 29, 2011, the Texas Secretary of State filed a forfeiture of Pick-Ups' charter. As stated above, on October 29, 2013, the IRS assessed Pick-Ups for

what is a **$1,489,946.17** federal income (Form 1120) tax liability for tax year 2006, as of April 1, 2018. Because this assessment was made over two years after the corporate charter of Pick-Ups was forfeited, Arthur Lothringer is liable for this tax, under Texas Tax Code §§ 171.252 and 171.255, for which the United States seeks a judgment in the amount of **$1,489,946.17** against Lothringer.

WHEREFORE, the United States respectfully requests that this court order, adjudge, and decree:

1. That Pick-Ups, Inc. is indebted to the United States in the amount of **$1,533,980.18,** for employment (Form 941), income (Form 1120), and civil penalty (Section 6672) tax for tax periods 2006, 2007, and 2008, plus penalties, and statutory additions and additional prejudgment and post-judgment interest from April 1, 2018 until paid, pursuant to 28 U.S.C. § 1961(c)(1); and 26 U.S.C. §§ 6601, 6621(a)(2), and 6622

2. That Arthur Lothringer, whose alter ego/nominee is Pick-Ups, Inc., a defunct corporation, is liable and indebted to the United States for the unpaid tax liabilities of Pick-Up, Inc. in the amount of **$1,533,980.18,** plus penalties, and statutory additions and additional prejudgment and post-judgment interest from April 1, 2018 until paid, pursuant to 28 U.S.C. § 1961(c)(1); and 26 U.S.C. §§ 6601, 6621(a)(2), and 6622.

3. Arthur Lothringer is liable and indebted to the United States for the above-described unpaid 2006 income (Form 1120) tax liability of Pick Ups., Inc. in the amount of **$1,489,946.17** pursuant to Texas Tax Code §§ 171.252 and 171.255.

4. That the federal tax liens that encumber the Lothringer residence and cabin permit be foreclosed, that the properties be ordered sold by the Internal Revenue Service or a receiver, that

the sales proceeds be first applied to the costs of sale, then any unpaid ad valorem taxes, then the proceeds should be applied in partial satisfaction of the tax liens of the United States and the federal tax debts of Pick-Ups, Inc.

5. That in the event that the United States avails itself of pre-judgment and post-judgment remedies under Sub-chapter B or C of the Federal Debt Collection Act, then the United States be awarded a surcharge of ten percent of the amount of the tax debt under 28 U.S.C. § 3011, to cover the cost of the litigation and enforcement of the claim for the debt to be paid by Arthur Lothringer; and

6. That the United States be awarded other such relief as is just and proper.

JOHN F. BASH
United States Attorney

*/s/ Ramona S. Notinger*
RAMONA S. NOTINGER
Ramona.S.Notinger@usdoj.gov
Texas Bar No. 19158900
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas   75201
(214) 880-9766 fax: (214) 880-9742

ATTORNEYS FOR THE UNITED STATES

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
Arthur Dale Lothringer, Janet Lynn Lothringer, Pick-Ups, Inc., Bexar County, Texas Tidewater Finance Company, Troy Capital, L.L.C. and Earl Webster Calhoun

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bexar
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ramona S. Notinger, U.S. Department of Justice, Tax Division
717 N. Harwood Street, Suite 400, Dallas, TX 75201
(214) 880-9766

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / **Habeas Corpus:** | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC Sections 7401 and 7403 and 28 USC Sections 1340 and 1345

Brief description of cause:
Reduce tax to judgment and foreclosure on property.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 1,533,980.18

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 04/26/2018

SIGNATURE OF ATTORNEY OF RECORD: /s/ Ramona S. Notinger

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.